UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON MARSHEK,
       Plaintiff,                 CIVIL ACTION NO. 07-CV-12965-DT

vs.

                                       DISTRICT JUDGE GERALD E. ROSEN

UNITED STATES OF            MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA,
       Defendant.
_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S FEDERAL TORT CLAIMS ACT COMPLAINT TO THE SOUTHERN DISTRICT OF ILLINOIS

Plaintiff filed the instant Complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* (Docket no. 1). Plaintiff claims that while incarcerated at the Federal Correctional Institution in Greenville, Illinois, a prison guard employed by the Federal Bureau of Prisons negligently closed Plaintiff's cell door tray slot on Plaintiff's right hand causing injuries. (*Id.*). Plaintiff seeks damages as relief. The Government has responded by filing a Motion to Dismiss for Improper Venue. (Docket no. 12). Plaintiff has responded to the Government's motion by asking that the Court transfer this action to the Southern District of Illinois. (Docket no. 19). All pretrial matters have been referred to the undersigned for decision. (Docket no. 10). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

This action on a tort claim against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b); *Upchurch v. Piper Aircraft Corp.*, 736 F.2d 439 (8th Cir. 1984) (construing statute

as venue statute).  An action brought in the wrong district may be dismissed, or if it is in the interest of justice, may be transferred to any district in which the action could have been brought.  28 U.S.C. § 1406(a).

Plaintiff was incarcerated in a federal prison in Michigan when he filed this action.  (Docket no. 1).  However, he has since been transferred and is now located in Iowa.  (Docket no. 18).  The acts complained of occurred in Greenville, Illinois.  (Docket no. 1).  Therefore, this district has no connection to the actions complained of and is not the district where Plaintiff resides.  Even if Plaintiff were still incarcerated in this district, his presence would be temporary and involuntary.  Courts have held that such a presence is not the equivalent of residency.  *See Brimer v. Levi*, 555 F.2d 656 (8th Cir. 1977).  The Government shows that Plaintiff's residence at the time he was convicted was Georgia.  (Docket no. 12, attached ex.).  Dismissal or transfer of this action is therefore appropriate pursuant to 28 U.S.C. § 1406(a).

Plaintiff requests that the Court transfer his action to the Southern District of Illinois rather than dismiss it.  (Docket no. 19).  The Court finds that the interests of justice support transferring this action rather than dismissing it.

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss or to Transfer (docket no. 12) is **GRANTED**, and the Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1406(a).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 17, 2008         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Tyson Marshek and Counsel of Record on this date.

Dated: July 17, 2008         s/ Lisa C. Bartlett
                             Courtroom Deputy